IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, } | |
| Plaintiff, } | CIVIL ACTION NO. |
| v. } | |
| INTERMOUNTAIN MANAGEMENT, L.L.C. } | JURY TRIAL DEMAND |
| Defendant. } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Ami Patel who was subjected to disparate treatment and then terminated based on her sex, female, and because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a.

COMPLAINT                                                                                              1

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. § 2000e-5(a).

4. At all relevant times, Defendant, Intermountain Management, L.L.C., ("Defendant") has continuously been and is now doing business in the State of Texas and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ami Patel filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the employment of Ami Patel as an Opening Manager, the Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting her to disparate treatment and by terminating her

employment because she was pregnant. Specifically, after learning that Ms. Patel was pregnant, the Defendant forced her to submit a medical clearance. Ms. Patel provided appropriate documentation from her physician, but the company lengthened her probationary period. Shortly thereafter, the company terminated Patel's employment.

8. The result of the foregoing practices has been to deprive Ami Patel of equal employment opportunities because of her sex, or because of pregnancy.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ami Patel.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Intermountain Management, L.L.C., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or because of pregnancy.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including pregnant females, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Ami Patel by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, pecuniary losses, compensatory

damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order the Defendant to make Ami Patel whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out-of-pocket job hunting and medical expenses.

    E.    Order the Defendant to make Ami Patel whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

    F.    Order the Defendant to pay Ami Patel punitive or exemplary damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 7 above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

_____
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

_____
JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)